IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RACHEL BELL, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-799-RP |
| BRANDY MARSHALL and AIRBNB, INC., | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendant Airbnb, Inc.'s ("Airbnb") Motion to Compel Arbitration and Stay Proceedings, (Dkt. 13), along with Plaintiff Rachel Bell's ("Bell") response in opposition, (Dkt. 16), and Airbnb's reply, (Dkt. 20). Defendant Brandy Marshall ("Marshall") did not submit a filing in response to Airbnb's motion. Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motion to compel arbitration and stay proceedings should be granted.

**I. BACKGROUND**

Bell brings this action against Airbnb and Marshall (collectively, "Defendants") after she sustained injuries from a wooden deck collapsing on Marshall's property located at 2401 Granberry Drive, Austin, TX 78745 ("the Property"). (Resp., Dkt. 16, at 2). Marshall had rented the Property to Bell from May 25 to May 30, 2023 through the Airbnb platform. (Am. Compl., Dkt. 15, at 3). Airbnb provides an online marketplace that "offers opportunities for individuals seeking to book unique accommodations, known as 'Guests,' to connect with individuals who wish to offer accommodations, known as 'Hosts.'" (Mot., Dkt. 13, at 2). All users of the Airbnb platform must create an Airbnb account and agree to Airbnb's Terms. (*Id.*). "Only after consenting to the Terms can a Guest use Airbnb's online marketplace to communicate and contract with a property's Host." (*Id.*). Airbnb's Terms include a mandatory arbitration agreement. (Mot., Dkt. 13, at 8).

1

Due to the injuries she sustained at the Property, Bell asserts premises liability and negligence claims against both Defendants and also asserts warranty claims against Airbnb. (Am. Compl., Dkt. 15, 6–10). Airbnb removed the case to this Court on May 27, 2025 under diversity jurisdiction. (Not. Removal, Dkt. 1).

## II. LEGAL STANDARDS AND DISCUSSION

### A. Arbitration of Claims Against Airbnb Is Undisputed

The Federal Arbitration Act ("FAA") permits a party to file a motion to compel arbitration based on "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. "Enforcement of an arbitration agreement involves two analytical steps. The first is contract formation—whether the parties entered into any arbitration agreement at all. The second involves contract interpretation to determine whether this claim is covered by the arbitration agreement." *Kubala v. Supreme Prod. Services, Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). That analysis changes "where the arbitration agreement contains a delegation clause giving the arbitrator the primary power to rule on the arbitrability of a specific claim." *Id.* When there is a purported delegation clause, a court "performs the first step—an analysis of contract formation—as it always does. But the only question, after finding that there is in fact a valid agreement, is whether the purported delegation clause is in fact a delegation clause—that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Id.* at 202. "If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases." *Id.*

Bell does not oppose arbitration of her claims against Airbnb and does not dispute the validity of her arbitration agreement with Airbnb. (Resp., Dkt. 16, at 1). Bell affirmatively indicated her consent to Airbnb's Terms—which constitute the governing agreement between Airbnb and each user—and the mandatory arbitration agreement therein when she created her Airbnb account on December 26, 2020. (Mot., Dkt. 13, at 2, 8). Bell later consented to two updated versions of

Airbnb's Terms—each containing the mandatory arbitration agreement—on thirteen subsequent occasions. (*Id.* at 3).

Airbnb and Bell dispute, however, whether a stay which ensues from sending Bell's claims against Airbnb to arbitration necessitates a stay of Bell's claims against Marshall as well. Therefore, the Court finds that Airbnb's motion to compel arbitration for Bell's claims against Airbnb is unopposed and will grant that motion. The Court will focus its analysis, therefore, on how a stay pending arbitration of Bell's claims against Airbnb affects Bell's claims against Marshall.

### B. The Court Will Stay Claims Against Marshall Pending Arbitration

The FAA provides that a judge "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Supreme Court recently held that this provision of the FAA requires a court to stay, rather than dismiss, a lawsuit involving an arbitrable dispute. *Smith v. Spizzirri*, 601 U.S. 478 (2024); *Mertens v. Benelux Corp.*, No. 1:24-CV-276-RP, 2024 WL 4692115, at *2 (W.D. Tex. Nov. 6, 2024). Thus, upon application of Airbnb, the Court will stay Bell's claims against Airbnb pending arbitration. The Court must now decide whether to stay all proceedings in this case, as Airbnb requested.

Airbnb argues that "[b]ecause [Bell's] premises liability and negligence claims against [Marshall] and Airbnb rest on the same facts and same legal theories that will be determined in the arbitration between [Bell] and Airbnb, a stay is mandatory under Section 3 of the FAA so that the arbitration 'is not rendered moot by deciding the same issues in court.'" (Reply, Dkt. 20, at 1) (quoting *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 196 (Tex. 2007)). Even if the Court disagrees that a stay is mandatory, Airbnb argues that "a discretionary stay of the negligence and premises liability claims against Marshall is warranted pending arbitration of the exact same claims against Airbnb." (Reply, Dkt. 20, at 1) (quoting *Qualls v. EOG Res., Inc.*, 2018 U.S. Dist. LEXIS 85429, at *7 (S.D. Tex. May 22, 2018) ("[A] discretionary stay is appropriate because the

3

nonarbitrable claims will require the resolution of issues that will be resolved during arbitration."). Bell argues that the FAA does not compel a stay of her claims against Marshall "[b]ecause the claims against Defendant Marshall are legally distinct and not 'inherently inseparable' from the claims against Defendant Airbnb." (Resp., Dkt. 16, at 1).[1]

Section 3 of the FAA provides that a district court must stay a lawsuit when a party demonstrates that any issue involved in the suit is "referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3; *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993). The provision is mandatory and demands a stay of legal proceedings "whenever the issues in a case are within the reach of an arbitration agreement." *Id.* at 754 (quoting *Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748 (5th Cir. 1986)). The mandatory stay provision also applies to non-signatories to an arbitration agreement when the suit sought to be stayed (1) involves the same operative facts, (2) involves inherently inseparable claims, and (3) has a critical impact on the arbitration. *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 345 (5th Cir. 2004).

Courts also have discretionary authority to issue a stay pending the outcome of the arbitration. *Hornbeck Offshore*, 981 F.2d at 755. That power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Determining whether to issue a discretionary stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. The burden is on the party

---

[1] Bell also contends that the Court may deny Airbnb's Motion to Compel Arbitration and Stay Proceedings, (Dkt. 13), because Bell and Airbnb never discussed a stay of her litigation against Marshall and therefore Airbnb's Certificate of Conference is incorrect regarding that part of Airbnb's motion. (Resp., Dkt. 16, at 1). The Court is not convinced that the conference described was insufficient pursuant to Rule CV-7(g) of the Local Rules of the United States District Court for the Western District of Texas.

4

seeking the stay to "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else." *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984) (quoting *Landis*, 299 U.S. at 255).

The Court finds that Bell alleges premises liability and negligence claims against *both* Defendants—Airbnb and Marshall—as well as distinct warranty claims against Airbnb only. (Am. Compl., Dkt. 15, at 6–10). For her premises liability claim, Bell asserts, in part, "Defendants knew or reasonably should have known of the danger [of the rotted wood in the deck]," "[e]ach Defendant violated its affirmative duty under Texas law to inspect, make safe, and/or warn regarding a dangerous condition on the premises," and "[t]he Defendants' actions, individually and/or taken as a whole, were a proximate cause of [Bell's] injuries and damages." (*Id.* at 6). For her negligence and gross negligence claims, Bell asserts, in part, "Defendants owed a duty to [Bell] as an invitee to make reasonably safe any dangerous condition on the property or to adequately warn [Bell] of the dangerous condition[,] Defendants had a duty to inspect the property for dangerous conditions to ensure it was safe for guests[,] Defendants' breach of their duty was a proximate cause of [Bell's] injuries and damages," and "[a]s a result of the negligence and gross negligence of Defendants, [Bell] sustained serious injuries and continues to suffer from those injuries which, upon information and belief, are permanent in nature." (*Id.* at 7).

As such, the Court agrees with Airbnb that the mandatory stay provision of Section 3 of the FAA applies to Bell's causes of action against Marshall because those claims involve the same operative facts concerning the injury at issue, involve inherently inseparable claims of premises liability and negligence against both Marshall and Airbnb, and will have a critical impact on the arbitration. *Wast Mgmt., Inc.*, 372 F.3d at 345. Because Bell's premises liability and negligence claims against both Defendants rest upon the same legal theories, are composed of the same elements, and seek to recover for the same harm, the arbitration of those claims against Airbnb will undoubtedly

5

have an impact on Bell's litigation against Marshall and vice versa. *See Harvey v. Joyce*, 199 F.3d 790, 795–96 (5th Cir. 2000). "[D]isparate findings between the trial court on the one hand and the arbiter on the other could significantly diminish the signatory parties' right to a meaningful arbitration." *Noel v. Workrise Techs. Inc., LLC*, 1:24-cv-00110-DAE, 2024 U.S. Dist. LEXIS 169303, at *13 (W.D. Tex. Sept. 19, 2024). Accordingly, the Court will stay all proceedings in this case pending arbitration between Airbnb and Bell.

### III. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Airbnb's Motion to Compel Arbitration and Stay Proceedings, (Dkt. 13), is **GRANTED**. **IT IS FURTHER ORDERED** that this case is **STAYED** pending arbitration. The parties shall file joint status reports detailing the status of the arbitration proceedings on **February 20, 2026**, and every **ninety days** thereafter.

**SIGNED** on November 20, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE